UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MIGUEL ANGEL SANCHEZ-LUGARDO** <br> **A# 091-984-671** | **CIVIL ACTION NO: 10-1412** <br> **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **WARDEN YOUNG, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed in *forma pauperis* pursuant to 42 U.S.C.§ 1983 on September 8, 2010, by *pro se* plaintiff Miguel Angel Sanchez-Lugardo. Doc. 1. At the time of filing, plaintiff was an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He was detained at the Federal Detention Center, Oakdale, Louisiana; however, information on the Federal Bureau of Prisons website shows that plaintiff was released from custody on December 30, 2010. *See* Federal Bureau of Prisons, http://www.bop.gov (last visited June 15, 2011) .

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Plaintiff arrived at FCIO on September 29, 2009. Doc. 1, p. 5. He states that he was without incident until September 3, 2010, at which point an incident report was written and he

1

was placed in the special housing unit (SHU). Doc. 1, p. 2. Plaintiff filed this suit on September 8, 2010, claiming that he did not have adequate access to the law library. Doc. 1, p. 1. It was his contention that the lack of access to the law library would hinder his ability to defend himself in his removal proceedings and in his criminal case in Tennessee, where he planned to establish that the guilty plea which triggered the removal proceeding was invalid. Doc. 1, p. 4-5.

Plaintiff was released from SHU on September 15, 2010, twelve days after his placement there. Doc. 4, p. 9.

As a result of the above plaintiff seeks various forms of injunctive relief as well as compensatory damages. Doc. 4, p. 21.

*Law and Analysis*

1. *Access to the Courts*

Plaintiff claims that his right to petition the courts was violated by his lack of access to the law library during his placement in SHU.

Plaintiff is correct that he has the right of access to the courts. However, in this action, plaintiff's claims do not rise to the level of a constitutional violation. In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "[i]t encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement." _Id_. at 310-311 (quoting *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182 (1996)).

In *Lewis v. Casey*, the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of

filing everything from shareholder derivative actions to slip-and-fall claims. 116 S.Ct. at 2182. The tools required to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id.* Furthermore, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis*, at 2182 ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement"). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993); *see also Lewis v. Casey*, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997); and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351; *see also McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.

1992), cert. denied, 504 U.S. 988 (1992) (If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

In the instant case, plaintiff has not demonstrated that defendant's alleged actions hindered his ability to pursue a legal claim. In fact, it appears that plaintiff filed this action while in SHU. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S. C. § 1915A(b)(1).

2. *Injunctive Relief*

As previously stated, plaintiff seeks various forms of injunctive relief. However, as noted plaintiff has been released from FCIO. Therefore, his requests for injunctive relief are moot.

The law is clear that the transfer of a inmate out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to ACC would make his claims capable of repetition yet evading review. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at CPP. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard.  Simply put, plaintiff has been released from the custody of FCIO and his request for injunctive relief is moot.  *See Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) (citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)); *see also*, *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (for the proposition that an alien detainee's claims for injunctive relief intended to correct policies and practices at particular detention center were rendered moot when he was transferred out of that center).

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P.. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglas v. United  Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).**

5

THUS DONE this 17th day of July, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE